422

*O. J. Bundy* and *J. L. R. Boyd,* for plaintiff.
*R. R. Jackson,* for defendants.

GEORGIA CASUALTY COMPANY *v.* McRITCHIE.

No. 7301.   April 18, 1930.

424

*Jones, Evins, Powers & Jones,* for plaintiff in error.

*Watkins, Asbill & Watkins, Hall, Grice & Bloch,* and *S. Holderness,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) As appears from the record, the plaintiff brought her action in two counts. The defendant in the lower court moved to dismiss the first count, and the court overruled this motion, and the bill of exceptions in this case assigns error only upon the judgment of the court refusing to dismiss the first count of the petition. The bill of exceptions recites that "plaintiff's petition was in two counts, involving two separate and distinct transactions." No part of the record, however, is specified as material, except the first count of the petition and the judgment of the trial judge refusing to strike this count upon motion. It follows that this court has no knowledge of the nature, contents, or scope of the allegations contained in the second count of the plaintiff's petition, and no means of ascertaining whether the procedure as set forth in the second count is equitable or legal in its nature. It is therefore beyond our power to consider anything except the sole assignment of error with a view to determining whether the allegations of the first count are sufficient to withstand the general motion to strike or dismiss this count of the petition and ascertain whether the court erred, as complained, in overruling the motion to strike. Considering the state of the record, the Supreme Court is without jurisdiction to adjudicate the only issue raised by the writ of error. The Court of Appeals alone has jurisdiction in the premises. Counsel for both parties in their arguments seem to agree that the Court of Appeals has jurisdiction; but of course jurisdiction can not be predicated upon mere agreement, since it is a matter of strict law. A court which has no jurisdiction of the cause of action can not obtain it by waiver. A court which is legally empowered to exercise jurisdiction in a cause can not be ousted and deprived of jurisdiction because the parties to a cause may consent to deprive it of jurisdiction. However, after a careful consideration of the matter we have reached the conclusion that this court has no jurisdiction of the only alleged error of law presented in the bill of exceptions. As appears from the first count of the petition set forth in the state-

426

ment of facts, the only cause of action set forth therein is one at law. There is no prayer for the intervention of equity, and no equitable cause of action is set forth. For this reason the Court of Appeals alone is clothed with power to adjudicate the question. The mere use of the word "decree" in one of the prayers does not substantially affect the nature of the demand asserted in plaintiff's petition, nor obviate the necessity of a judgment at common law if there were no other count in the petition. Perhaps the writ of error should be dismissed as prematurely brought; but we shall not undertake to pass upon that question, for the reason as already stated that this court, having no jurisdiction of the case, can make no ruling except to transfer it as provided by law to a court which has jurisdiction. It is therefore ordered that the cause be

*Transferred to the Court of Appeals. All the Justices concur.*